BENJAMIN FORTEZ AND PETRONA GONZALEZ DE FORTEZA Complainants,

*v.*

RAFAEL CARRION, Trustee in Bankruptcy of Central Defensa, Inc., Dfts.

Ponce, Equity, No. 1222.

Opinion filed April 26, 1923.

*F. H. Dexter, Esq.*, and *Gonzalez Lamas, Esq.*, for complainants.

*Jaime Sifre, Esq.*, and *Miles M. Marlin, Esq.*, for defendants.

ODLIN, Judge, delivered the following opinion:

The bill herein was filed on April 3, 1923, which bill prayed for an injunction against the defendant in his capacity as trustee of the Central Defensa, Inc., which corporation had previously been declared a bankrupt by this court; and it was sought in and by said prayer that an injunction be issued restraining the said trustee and all persons acting under him or by his authority from the further use of a certain strip of land forming part of a tract of 78 acres, more or less, conceded to be the property of the plaintiffs and located at Caguas, Porto Rico, in this Island, not far from the sugar mill of said Central Defensa, Inc. And it was also sought in and by said prayer that the said defendants should be ordered to desist from entering upon the said strip of land for the purpose of operating a

cane railway or any other act in connection with the management of the said sugar central or other property of the said Central Defensa, now in the hands of the said trustee under an order of the court, said operation of the railroad being based upon one or both of certain contracts referred to at length in the original bill.

The court issued an order to show cause; and an answer to such order was filed by counsel for defendant on April 21st, 1923. This matter has been very thoroughly and skilfully argued by counsel for the respective parties.

Although it is claimed by counsel for plaintiffs that the two contracts, dated September 8th, 1920, are virtually one contract, and must be considered as such, a moment's reflection will make it clear that these contracts are distinct and separate and must be so regarded.

One contract is in the nature of an option giving the Central Defensa, previous to its bankruptcy, of course, the right to purchase the real estate then and now owned by the complainants, upon certain terms and conditions therein set forth. The second contract, it is admitted, granted to the Central Defensa an easement or right of way across the same tract of real estate described in the first contract, for the purpose of enabling the said Central Defensa, Inc., to construct and operate for a period of twenty-five years, a line of cane railway in connection with the operation of the sugar factory of the said Central Defensa.

Now, if the defendants had intended that the grant of the right of way should be dependent upon the exercise by the Central Defensa of its right to buy the property under the option, the plaintiffs should have said so, but they did not. It may have been a foolish action on their part to sign these two sep-

arate agreements, but there is no charge of fraud or deceit, and this court is obliged to take these two contracts as the court finds them. If Central Defensa had bought the land and paid for it, then it was utterly immaterial to the plaintiffs and, in fact, it would not concern them in any way whether the railway should be built over the line or not. They would have ceased to own any interest in the land. Central Defensa would be at liberty to use the land as it pleased. Hence, it is very plain to me that these plaintiffs must have had it in mind that they would sell the line to Central Defensa, if they could, within two years from the date of the contract, and that in case of no sale being consummated within two years, then the plaintiffs would have the right to make a sale to some third party, which it is admitted they have not done and, furthermore, and which is of the utmost importance in deciding this case, the plaintiffs must have had a desire in their own minds for a railroad to be constructed over the property in case they should remain the owners thereof.

When the petition in bankruptcy was filed and thereafter the trustee was appointed, he found as one of the assets of the bankrupt corporation these two contracts. He was not able to exercise his right to purchase under the first contract because he was without funds to do so, but he was able to exercise the rights which Central Defensa had through the second contract, and construct a right-of-way railroad over the land in question, because this court provided him with funds for that purpose. Such action, of course, by this court, is not binding upon these plaintiffs because they were not parties to the proceeding and they have a perfect right to contest such action of this court as operating to their injury. But it is conceded that the decisions

uniformly proclaim the doctrine that no person shall be allowed to come into a court of equity if such person has a complete and adequate remedy at law. If the construction of this railroad is injurious to these plaintiffs, they are at liberty to bring an action against the trustee for damages, and if they shall recover a verdict, this court will hold in its own control sufficient of the funds in the hands of the trustee to satisfy any verdict that the plaintiffs may recover. Therefore, the petition for an injunction is denied and the bill is dismissed with costs, but without prejudice to the plaintiffs to bring an action for damages if they see fit against the trustee, and this court will entertain jurisdiction of such suit, allowing to the plaintiffs the option of having the damages fixed by a jury or by the court itself, as the plaintiffs may elect.

To this ruling counsel for plaintiffs excepts.

Done and Ordered in Open Court, at Ponce, Porto Rico, this 26th day of April, 1923.